IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARLOS GONZALEZ,
    Petitioner,

vs.                                     Case No.: 5:12cv171/RS/EMT

IMMIGRATION AND CUSTOM ENFORCEMENT,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

       This cause is before the court on an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 6). Respondent United States Immigration and Customs Enforcement ("ICE") filed a response (doc. 13). Petitioner filed a reply (doc. 15).

       This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration of the issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be denied.

I.    BACKGROUND

       Petitioner is in custody of the Florida Department of Corrections ("FDOC") at the Gulf Correctional Institution Annex (*see* doc. 6 at 1; doc. 13, Attachment B).[1] In 2009, ICE placed a detainer against him (doc. 6 at 2; doc. 13, Attachment C). The detainer requests that, prior to releasing Petitioner from incarceration, the FDOC detain him "for a period not to exceed 48 hours" to provide adequate time for ICE to take him into custody (doc. 13, Attachment C). The detainer

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

also requests that the FDOC notify ICE at least thirty (30) days prior to Petitioner's release, or as far in advance as possible (*id.*).  *See* 8 C.F.R. § 287.7.  In 2010, a final removal order issued, ordering Petitioner removed from the United States to Cuba (doc. 13, Attachment D).

Petitioner challenges the ICE detainer on the ground that there is no repatriation agreement with Cuba, and the United States has a long-standing policy of not deporting Cubans; therefore, there is no likelihood he will be actually removed (doc. 6 at 6–7).  He contends the detainer is affecting his custody status and precluding him from participating in re-entry programs or work release (doc. 6 at 6–7; doc. 15 at 1).  Petitioner expressly states he is not challenging the removal order; rather he is challenging his exclusion from certain prison programs and early release (*id.*).

Respondent contends the court lacks jurisdiction to review Petitioner's claim, because Petitioner's 90-day "removal period" has not yet begun, pursuant to 8 U.S.C. § 1231(a)(2) (doc. 13 at 4–7).  Therefore, his claim is not ripe for review (*id.*).

II.     JURISDICTION

Because a writ of habeas corpus functions to grant relief from unlawful custody, jurisdiction does not lie where the authority against whom relief is sought does not have custody of the petitioner.  *See* 28 U.S.C. § 2241(c) ("the writ of habeas corpus shall not extent to a prisoner unless . . . (1) [h]e is in custody under or by color of the authority of the United States or is committed for trial before some court thereof.").  It is well settled in the Eleventh Circuit that the placement of an ICE detainer, alone, does not cause a petitioner to come within ICE's custody for purposes of § 2241.  *See* <u>Orozco v. I.N.S.</u>, 911 F.2d 539, 541 (11th Cir. 1990).  However, the Eleventh Circuit has not determined whether the placement of a detainer <u>coupled with the existence of a removal order</u> constitutes ICE "custody" for habeas purposes.  Further, there is a split of authority on this issue in other federal courts.  *Compare* <u>Richards v. Holder</u>, 2011 WL 1302263, at *2 (D. Minn. Apr. 6, 2011) (rejecting state inmate's argument that he was in federal custody at the time he filed his § 2241 petition because he was subject to a federal immigration detainer and final order of removal); *with* <u>Kumarasamy v. Attorney Gen. of U.S.</u>, 453 F.3d 169, 172–73 (3d Cir. 2006) (individual does not have to be in ICE's physical custody to satisfy "in custody" requirement; rather "in custody" requirement is satisfied when individual is subject to final order of removal; however, individual who has already been removed from United States at time he files habeas petition does not meet

custody requirement); *and* <u>Simmonds v. I.N.S.</u>, 326 F.3d 351, 354 (2d Cir. 2003) (alien in state prison challenging final removal order was in "constructive custody" for purpose of allowing habeas review of subsequent immigration detention), *and* <u>Garcia-Echaverria v. U.S.</u>, 376 F.3d 507, 511 (6th Cir. 2004) (federal prisoner was in I.N.S. custody when he filed habeas petition challenging constitutionality of confinement, where final order of removal was in place); *and* <u>Aguilera v. Kirkpatrick</u>, 241 F.3d 1286, 1291 (10th Cir. 2001) (even though alien habeas petitioners were not being "detained," they were "in custody" for habeas purposes because they were subject to final deportation orders), *and* <u>Mustata v. U.S. Dep't of Justice</u>, 179 F.3d 1017, 1021 n.4 (6th Cir. 1999) (final deportation order places alien petitioner constructively "in custody" because of "the specialized meaning those words have in the context of an immigration-related habeas petition"), *and* <u>Nakaranurack v. United States</u>, 68 F.3d 290, 293 (9th Cir. 1995) (so long as alien petitioner is subject to a final order of deportation, he is deemed to be "in custody" for purposes of the Immigration and Nationality Act, and therefore may petition a district court for habeas review of the final deportation order); *and* <u>Galaviz-Medina v. Wooten</u>, 27 F.3d 487, 493 (10th Cir. 1994) (I.N.S. detainer plus final order of deportation rendered alien "in custody" of I.N.S. for purposes of habeas review, where alien challenged final deportation order).

The undersigned concludes that the ICE detainer coupled with the final removal order renders Petitioner in the custody of ICE for purposes of § 2241(c), despite the fact that he is not in ICE's physical custody. Therefore, the court has jurisdiction to review Petitioner's claim.

III.   PETITIONER'S CLAIM

Petitioner argues ICE will not be able to actually remove him to Cuba, because there is no repatriation agreement with Cuba, and the United States has a long-standing policy of not deporting Cubans; therefore, there is no likelihood he will be actually removed (doc. 6 at 6–7). He cites <u>Zadvydas v. Davis</u>, 533 U.S. 678, 689, 121 S. Ct. 2491, 2498, 150 L. Ed. 2d 653 (2001) in support of his claim, and asks the court to issue an order directing Respondent to remove the detainer (*id.* at 6–8). Respondent contends Petitioner's removal period has not yet begun, and it will not begin until he is released from the FDOC, which is not expected until May 12, 2016; therefore, the question of whether he will be removable to Cuba is premature (doc. 13 at 4–7, Attachment B).

In order for the court to take jurisdiction over an action, an actual case or controversy must be present. Rizzo v. Goode, 423 U.S. 362, 372, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); O'Shea v. Littleton, 414 U.S. 488, 493–95, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974); Johnson v. Sikes, 730 F.2d 644, 647 (11th Cir. 1984). Some "threatened or actual injury" must exist as a result of the allegedly wrongful actions of the defendant. O'Shea, 414 U.S. 493 (citing Linda R.S. v. Richard D., 410 U.S. 614, 617, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973)). This is because "[t]here must be a personal stake in the outcome such as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions." *Id.* at 494. "Abstract injury is not enough. It must be alleged that the plaintiff has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged statute or official conduct." *Id.* Also to be considered are "prudential considerations" which require the court to abstain from rendering decisions that are premature or abstract or that "anticipate a question of constitutional law in advance of the necessity of deciding it." Sikes, 730 F.2d at 648–49 (quoting Ashwander v. TVA, 297 U.S. 288, 346, 56 S. Ct. 466, 80 L. Ed. 688 (1936)).

The undersigned agrees with Respondent that Petitioner's challenge to his future ICE detention is not ripe for adjudication. An alien who has who has been ordered removed shall be removed within a 90-day "removal period" that begins to run from the latest of:

>    (i) The date the order of removal becomes administratively final.

>    (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

>    (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). However, "[a]n alien ordered removed who is . . . removable under section . . . [§ 1227(a)(2)] . . . may be detained beyond the removal period . . ." 8 U.S.C. § 1231(a)(6). The Supreme Court has held that § 1231(a)(6) contains an implicit reasonableness limitation that "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas, 533 U.S. at 689. To that end, the Court held that six months is a presumptively reasonable period of time to detain an alien awaiting removal. 533 U.S. at 701. After six months, the alien may, in a § 2241 petition, "provide[]

Case No.:  5:12cv171/RS/EMT

good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . ." *Id.* Upon such a showing, the government has the burden of rebutting the alien's claim, although not every alien must be released after six months, and "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* The Eleventh Circuit has determined that, to state a claim under Zadvydas, an alien must show: (1) that the six-month period, which commences at the beginning of the statutory removal period, has expired when the § 2241 petition is filed; and (2) "evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale v. Ashcroft, 287 F.3d 1050, 1051–52 (11th Cir. 2002) (per curiam).

In the instant case, Petitioner's removal period has not yet begun, and it will not begin until he is released from confinement in the FDOC. Therefore, the issue of whether he will be removable to Cuba is not yet ripe for adjudication and must be dismissed. *See, e.g.*, Galiana v. Immigration and Customs Enforcement, No. 5:11cv255/MMP/EMT, 2012 WL 425910, at *3–4 (N.D. Fla. Jan. 11, 2012) (unpublished) (habeas petitioner's claim under Zadvydas was not ripe, because 90-day removal period had not yet begun), *Report and Recommendation Adopted by* 2012 WL 426003 (N.D. Fla. Feb. 10, 2012); Jean-Henriquez v. Dep't of Homeland Sec., No. 4:05cv304/MMP/WCS, 2006 WL 1687853, at *3 (N.D. Fla. June 15, 2006) (unpublished) (same).

Finally, to the extent Petitioner asserts a due process or equal protection challenge to the ICE detainer on the ground that it is precluding him from obtaining minimum or community custody status and rendering him unqualified for early release programs and work release, his claim is without merit. Courts have held that changes in custody status, classification levels, or even certain privileges are generally not atypical deprivations which implicate a constitutionally protected liberty interest for due process purposes. *See* Moody v. Daggett, 429 U.S. 78, 88 n. 9, 97 S. Ct. 274, 279 n.9, 50 L. Ed. 2d 236 (1976) (noting generally that prison transfers and changes in classification status do not require due process protections); Murdoch v. Washington, 193 F.3d 510, 513 (7th Cir. 1999) (inmates have no protected liberty interest in attending rehabilitation program); Wishon v. Gammon, 978 F.2 d446, 450 (8th Cir. 1992) (inmates have no constitutional right to educational or vocational opportunities); Canterino v. Wilson, 869 F.2d 948, 952–54 (6th Cir. 1989) (inmates have no constitutionally protected liberty interest in study and work-release programs or custody

classification); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (inmates have no federal right to particular inmate classification or eligibility for rehabilitative programs); Pugliese v. Nelson, 617 F.2d 916, 923 (2d Cir. 1980) (same); Marchesani v. McCune, 531 F.2d 459 (10th Cir. 1976) (inmates have no protected liberty interest in particular custodial classification, even if classification affects eligibility for preferred job assignments, transfers to less restrictive institutions, social furloughs, or early parole); *see also, e.g.*, Borrero v. Wells, No. CV 309-096, 2010 WL 3292696, at *2 (S.D. Ga. May 25, 2010), *Report and Recommendation Adopted by* 2010 WL 3292694 (N.D. Ga. Apr. 12, 2010) (inmates have no federal constitutional right to participate in rehabilitative programs, including home detention) (unpublished) (citations omitted); Banks v. Ellis, No. 3:09cv425/WS/EMT, 2010 WL 1459742, at *3 (N.D. Fla. Mar. 12, 2010), *Report and Recommendation Adopted by* 2010 WL 1459770 (N.D. Fla. Apr. 12, 2010) (plaintiff failed to allege facts showing that placement on "heightened security status" imposed significant hardship on him in relation to ordinary incidents of prison life prior to such placement; therefore, he failed to show he had constitutionally protected liberty interest in remaining on former custody status) (unpublished); Powell v. Ellis, No. 3:07cv160/MCR/EMT, 2007 WL 2669432, at *4 (N.D. Fla. Sept. 7, 2007) (holding that prisoner had no liberty interest in particular job assignment or custody classification) (unpublished).

In the instant case, Petitioner failed to allege facts showing that the ICE detainer imposes a significant or atypical hardship on him in relation to ordinary incidents of prison life. Therefore, he has failed to show a due process violation.

Additionally, a penal institution's use of detainers in deciding prisoners' eligibility for prison programs and early release does not offend equal protection principles. *See* McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir. 1999) (exclusion of prisoners with detainers from community-based treatment programs and sentence reduction eligibility does not offend equal protection); *see also, e.g.*, Borrero, *supra*. Therefore, Petitioner is not entitled to relief on his due process and equal protection challenges, to the extent he raises them.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1. That the amended habeas petition (doc. 6) be **DENIED**.
2. That the clerk be directed to enter judgment accordingly and close the file.

Case No.: 5:12cv171/RS/EMT

At Pensacola, Florida this 5th day of October 2012.

>/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**